FILED by \_\_\_\_ YH \_\_\_ D.C.

Oct 22, 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**18-20823-CR-WILLIAMS/TORRES**

Case No. _____

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

**UNITED STATES OF AMERICA**

vs.

**MARK E. FISHER** and
**JOSEPH F. CAPUOZZO**,

Defendants.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. Valentine Beauty, Inc. ("VLBI") was a Nevada corporation with offices in Sunrise, Florida, and an issuer of securities.

2. Shares of VLBI were publicly traded and quoted on OTC Link, which was operated by OTC Markets. Shares of VLBI were traded electronically by buyers and sellers located throughout the United States, including in Miami-Dade County, Florida.

3. Defendant **MARK E. FISHER** was an attorney who conducted business in Boca Raton, Florida.

4. Defendant **JOSEPH F. CAPUOZZO** was a stock promoter who resided in Broward County, Florida.

## CONSPIRACY TO COMMIT SECURITIES FRAUD
### (18 U.S.C. § 371)

From in or around November 2013, through in or around April 2016, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

### MARK E. FISHER and
### JOSEPH F. CAPUOZZO,

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and Shane R. Spierdowis, Eddy Ubaldo Marin, and others to commit certain offenses against the United States, that is, to knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities; in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

### PURPOSE OF THE CONSPIRACY

5. It was a purpose of the conspiracy for the defendants and their conspirators to unlawfully enrich themselves by obtaining money from investors using false press releases and manipulative trading techniques to artificially increase the trading volume and price of VLBI

shares, so that the conspirators could profit from the sale of VLBI shares during the manipulation period.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

6. In or around November 2013, Eddy Ubaldo Marin approached Individual A, then chief executive officer of VLBI, to propose a method for raising capital in which Marin would receive a controlling interest in VLBI. Marin and Individual A thereafter agreed to issue VLBI stock to a company Marin controlled, and through intermediaries issue press releases and conduct marketing on behalf of VLBI. Marin was a convicted felon and kept his name off of VLBI corporate documents to conceal his role from the public.

7. In early 2014, Eddy Ubaldo Marin recruited Shane R. Spierdowis, **MARK E. FISHER**, **JOSEPH F. CAPUOZZO**, and others to assist with conducting a series of pump and dump stock swindles using VLBI stock. Marin, Spierdowis, **FISHER**, and **CAPUOZZO** agreed to use certain companies to hold their VLBI stock, and through separate companies conduct marketing activities to conceal their association with VLBI and the trading activity that would follow.

8. **MARK E. FISHER** acted as an attorney and undisclosed stock promoter for VLBI. **FISHER** arranged for certain shares of VLBI to be falsely classified as unrestricted or "free trading," using false statements, omissions, and misrepresentations in documents. In one example, **FISHER** executed an opinion letter on the letterhead of his law firm, "Mark E. Fisher, P.L." dated June 2, 2014, representing that 4,000,000 shares of VLBI common stock that were to be transferred to Holding Corporation A, were not previously held by an affiliate of the company. At the time

**FISHER** executed this letter, he knew that the prior holder was an affiliate and that the shares were supposed to be classified as restricted. **FISHER** received for his own benefit a portion of the VLBI shares that were the subject of this fraudulent opinion letter, and transferred these shares into the name of "Pinetree Capital Corp.," an entity he controlled.

9. In order to deposit their VLBI shares with a brokerage, Eddy Ubaldo Marin, Shane R. Spierdowis, **MARK E. FISHER**, and **JOSEPH R. CAPUOZZO** executed account opening documents, share deposit forms, and other paperwork that falsely and fraudulently represented that the VLBI shares they sought to deposit and sell were not obtained from an "affiliate" of the company. In reality, **FISHER** and **CAPUOZZO** knew that the VLBI shares they received were from Marin and others working with him, who controlled VLBI and were involved in the marketing of VLBI shares. **FISHER** and **CAPUOZZO** transferred their VLBI shares into entities they controlled to conceal their ownership and control over the shares. **FISHER** and **CAPUOZZO** falsely concealed their affiliation with VLBI and the manner in which they received their VLBI shares because they knew that the brokerage would not have otherwise accepted the shares for deposit and sale to the public.

10. Eddy Ubaldo Marin, Shane R. Spierdowis, **MARK E. FISHER**, and **JOSEPH R. CAPUOZZO**, and their conspirators would issue and cause to be issued rosy press releases in the name of VLBI management or third parties. Marin, Spierdowis, **FISHER, CAPUOZZO,** and persons working at their direction would thereafter issue and cause to be issued internet newsletters and other marketing activity. This marketing activity was intended to artificially increase the trading volume and price of VLBI shares so that the conspirators could sell VLBI shares at the increased price.

11. Beginning in or around May 2014, and continuing through in or around September 2014, Eddy Ubaldo Marin, Shane R. Spierdowis, **MARK E. FISHER**, and **JOSEPH R. CAPUOZZO**, and their conspirators periodically repeated this pattern of issuing press releases and newsletters to artificially increase the trading volume and price of VLBI shares, and then selling shares to the public once the share price reached a desired level. **FISHER** and **CAPUOZZO** conducted trades of VLBI shares directly and through intermediaries while located in the Southern District of Florida, using interstate wire communications.

12. In approximately June 2014, Eddy Ubaldo Marin began a term of federal imprisonment due to a different federal offense and was incarcerated at FCI Miami. While Marin was at FCI Miami, Shane R. Spierdowis and **JOSEPH F. CAPUOZZO** visited Marin and discussed the ongoing VLBI manipulation scheme. **MARK E. FISHER**, **CAPUOZZO** and Spierdowis agreed to continue the scheme but would provide Marin with a reduced portion of the profits due to Marin's incarceration and diminished role. In late 2014, **CAPUOZZO** agreed to serve as the Chief Executive Officer of VLBI on paper, but continued to take direction from **FISHER**, Marin, Spierdowis, and other conspirators in order to continue the manipulation scheme. Thereafter, the conspirators continued to repeat and attempt to repeat the manipulative trading pattern until approximately April 26, 2016, when trading in VLBI shares was suspended by the U.S. Securities and Exchange Commission.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one conspirator committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about April 24, 2014, **JOSEPH F. CAPUOZZO**, in the Southern District of Florida, submitted an application to deposit shares of VLBI to Broker A, that falsely represented that the shares were not acquired from an affiliate of the company and were not intended to be sold as part of a common scheme or plan.

2. On or about April 25, 2014, **JOSEPH F. CAPUOZZO**, in the Southern District of Florida, transmitted an email to Broker A, that falsely and fraudulently represented that the entity that **CAPUOZZO** used to hold VLBI shares "is not and has not been a promoter of any securities or stocks."

3. On or about June 2, 2014, in the Southern District of Florida, **MARK E. FISHER** executed an opinion letter on the letterhead of his law firm, "Mark E. Fisher, P.L.," that falsely represented that 4,000,000 shares of VLBI common stock were not previously held by an affiliate of the company.

4. On or about September 2, 2014, **MARK E. FISHER** caused the sale of 100,000 shares of VLBI, which transaction caused an interstate wire transmission between the Southern District of Florida and the District of Utah, among other places.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants have an interest.

2. Upon conviction of the violation alleged in this Information, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property real or personal, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853 made applicable by Title 28, United States Code, Section 2461(c).

*[signature]*
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*[signature]*
JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

MARK E. FISHER and JOSEPH F. CAPUOZZO,

_____ Defendants. _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New defendant(s)        Yes ___   No ___
Number of new defendants   ___
Total number of counts     ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days      ✓
   - II   6 to 10 days     ___
   - III  11 to 20 days    ___
   - IV   21 to 60 days    ___
   - V    61 days and over ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501106

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MARK E. FISHER

**Case No:** _____

Count #: 1

Conspiracy to Commit Securities Fraud

Title 18, United States Code, Section 371

**\* Max. Penalty:** Five (5) years' imprisonment

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JOSEPH F. CAPUOZZO

**Case No**: _____

Count #: 1

Conspiracy to Commit Securities Fraud

Title 18, United States Code, Section 371

\* **Max. Penalty**:     Five (5) years' imprisonment

Count #:


\*Max. Penalty:

Count #:


\*Max. Penalty:

Count #:


\*Max. Penalty:


*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Mark E. Fisher, | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Joseph F. Capuozzo, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*